DENNIS J. HERRERA, State Bar #139669
City Attorney
JESSE C. SMITH, State Bar #122517
Chief Assistant City Attorney
RONALD P. FLYNN, State Bar #184186
Chief Deputy City Attorney
YVONNE R. MERÉ, State Bar #173594
Chief of Complex and Affirmative Litigation
SARA J. EISENBERG, State Bar #269303
Chief of Strategic Advocacy
JAIME M. HULING DELAYE, State Bar #270784
Deputy City Attorney
City Hall, Room 234
1 Dr. Carlton B. Goodlett Place
San Francisco, California 94102-4602
Telephone:    (415) 554-4633
Facsimile:    (415) 554-4715
E-Mail:       sara.eisenberg@sfcityatty.org

Attorneys for Plaintiff
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>vs.<br><br>ALEX M. AZAR II, Secretary of U.S. Department of Health and Human Services; ROGER SEVERINO, Director, Office for Civil Rights, Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1-25,<br><br>    Defendants. | Case No. 3:19-cv-02405 WHA<br><br>**PLAINTIFF CITY AND COUNTY OF SAN FRANCISCO'S OPPOSITION TO DEFENDANTS' ADMINISTRATIVE MOTION TO SET A SUMMARY JUDGMENT BRIEFING SCHEDULE AND TO HOLD PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCITON IN ABEYANCE OR, IN THE ALTERNATIVE, TO ENLARGE TIME TO FILE THEIR OPPOSITION TO PLAINTIFF'S MOTION FOR A PRELIMINARY INJUNCTION**<br><br>Judge:         Hon. William Alsup<br>Hearing Date:  July 17, 2019<br>Time:          8:00 a.m.<br>Place:         Courtroom 12, 19th Floor<br>               450 Golden Gate Avenue<br>               San Francisco, CA  94102<br><br>Trial Date:    None set |

## INTRODUCTION

On July 22, 2019, the final rule titled Protecting Statutory Conscience Rights In Health Care; Delegations of Authority, 84 Fed. Reg. 23,170 (May 21, 2019) (to be codified as 45 C.F.R. pt. 88) (hereafter "the Final Rule") is scheduled to go into effect.  In its Motion for Preliminary Injunction, the City and County of San Francisco ("San Francisco") details the numerous harms that will ensue if it does.  *See* ECF No. 14 ("PI Mot.").  Providers will be emboldened to deny care to vulnerable populations, and San Francisco will be required to amend its policies and practices to excuse individuals from assisting with procedures they object to even if patient care would be compromised. *Id.* at 21-22.  Patients will suffer—and could even die—as a result.  *Id.* at 22.  San Francisco will also be required to alter its policies and practices to prohibit involuntarily transfers of individuals who have a religious or moral objection to performing critical aspects of their job, which will impede the ability of hospitals and clinics to function efficiently.  *Id.* at 23.  And patients—particularly LGBTQ people and other vulnerable populations—will delay seeking medical care based on fear of being discriminated against or mistreated in healthcare facilities.  *Id.*

The United States Department of Justice ("DOJ") now asks this Court—at the eleventh hour—to delay consideration of San Francisco's motion based on its representation that "HHS will delay enforcement of the HHS rule challenged in this case . . . until November 22, 2019."  ECF No. 50 ("Admin Mot.") at 2.  But this bare assertion does not prevent the Final Rule from harming San Francisco, and cannot justify vacating the current schedule and holding the pending motion in abeyance.  The Court should deny Defendants' Administrative Motion in its entirety.

## ARGUMENT

DOJ's proposal to delay enforcement of the Final Rule, while allowing it to go into effect, will not vitiate the harm that the Final Rule will cause to San Francisco, as preliminary injunction would.

As an initial matter, DOJ's representation of delayed enforcement is based on nothing more than the mere assertion of counsel, presented in a declaration, that "The Department of Health and Human Services (HHS) has indicated to the undersigned that it will delay enforcement of the Final Rule until November 22, 2019."  ECF No. 50-1, Declaration of Benjamin T. Takemoto In Support Of Defendants' Administrative Motion at ¶ 4.  The Rule itself provides that the Department of Health and

Human Services' Office for Civil Rights ("HHS OCR"), not DOJ, is responsible for enforcement of the Final Rule.  *See* 45 C.F.R. § 88.7.  The hearsay statement from a trial attorney at DOJ that an unnamed official at a different federal department "will delay enforcement of the Final Rule" provides San Francisco with insufficient protection to withdraw its Motion for Preliminary Injunction or for the Court to hold the Motion for Preliminary Injunction in abeyance.

Moreover, when the Final Rule goes into effect on July 22, 2019, San Francisco becomes subject to it, regardless of any representations from DOJ that HHS will temporarily delay enforcement.  DOJ's delayed enforcement will not prevent the Final Rule from causing harm to San Francisco, including:

- San Francisco will still be required to take immediate action to amend its policies and practices to avoid being in violation of the Final Rule.  Indeed, DOJ has not clarified whether after November 22, 2019, it would take action against San Francisco for failure to comply with the Final Rule in the period beginning July 22, 2019.  San Francisco cannot know whether it would later face consequences for maintaining policies that are in violation of the Final Rule during the interim period of delayed enforcement.

- San Francisco will also still be subject to the certification and assurances requirements set forth in Section 88.4 of the Final Rule.  The period during which Defendants propose to delay enforcement of the Final Rule includes the end of the federal government's fiscal year on September 30, 2019.  As indicated in declarations supporting San Francisco's Motion for Preliminary Injunction, San Francisco received over $61 million in HHS grant funds during its 2017-2018 fiscal year.  *See* ECF No. 16, Declaration of Ben Rosenfeld in Support of City and County of San Francisco's Motion for Preliminary Injunction ¶ 6; ECF No. 22, Declaration of Greg Wagner in Support of City and County of San Francisco's Motion for Preliminary Injunction ¶ 3.  The Final Rule requires San Francisco, "as a condition of the approval, renewal, or extension of any Federal financial assistance of Federal funds" to provide grant assurances and certifications to HHS.  45 C.F.R. § 88.4(a)(2).  If the Final Rule is in effect at the beginning of the new federal fiscal year on October 1, 2019, presumably San Francisco will

have to provide such assurances and certifications of compliance in order to receive renewed funds regardless of whether HHS OCR is enforcing the Final Rule at that time.

- Patients—particularly LGBTQ people and other vulnerable populations—will still delay seeking medical care based on fear of being discriminated against or mistreated in healthcare facilities. *See* ECF No. 15, Declaration of Grant Colfax in Support of City and County of San Francisco's Motion for Preliminary Injunction ("Colfax. Decl.") ¶ 22; ECF No. 24, Declaration of Seth Pardo in Support of City and County of San Francisco's Motion for Preliminary Injunction ¶¶ 9-13.  These delays in seeking care will lead to worse individual and public health outcomes, as well as higher costs to San Francisco's healthcare system. Colfax Decl. ¶ 22.

In scheduling negotiations regarding DOJ's proposal to delay consideration of the Motion for Preliminary Injunction, DOJ previously represented to San Francisco that HHS would publish notice in the Federal Register delaying the effective date of the Final Rule.  *See* Declaration of Sara J. Eisenberg In Support Of San Francisco's Opposition to Defendants' Administrative Motion ("Eisenberg Decl.") Exhibit A at 6, 3.  DOJ's latest proposal to merely delay enforcement while the Final Rule goes into effect represents a significant departure from that position.

In the absence of adequate protections, such as the Court entering an order temporarily "postpon[ing] the effective date" of the Final Rule under the Administrative Procedure Act, *see* 5 U.S.C. § 705, until it can consider cross-motions for summary judgment, San Francisco needs the protection of a preliminary injunction.  San Francisco does not necessarily oppose a schedule that would take its Motion for Preliminary Injunction off calendar and allow the Court to rule instead on cross-motions for summary judgment.  Critically, however, any such schedule would need to provide San Francisco with assurance that the Final Rule will not go into *effect* until after this Court has had an opportunity to rule on the merits of the cross-motions for summary judgment.  In addition, any such schedule would need to allow San Francisco adequate time to examine the administrative record in this case, which has not yet been lodged and is anticipated to be quite voluminous, before filing its motion for summary judgment.  San Francisco previously proposed such a schedule to Defendants.  *See* Eisenberg Decl. Exhibit A at 2.

Neither DOJ's primary nor alternative proposals—which would prevent the Court from ruling on the Motion for Preliminary Injunction until well after the Final Rule goes into effect on July 22, 2019—meet these criteria. Accordingly, DOJ's Administrative Motion should be denied in its entirety.[1]

In light of Defendants' failure to file an opposition to the Motion for Preliminary Injunction by noon today, as the Court's scheduling order required, ECF No. 40, the Court could deem the Motion for Preliminary Injunction unopposed and grant a preliminary injunction pending resolution of later-filed cross-motions for summary judgment.

San Francisco asks that the Court rule as promptly as possible to deny the Administrative Motion, and order the Administrative Motion deemed submitted for immediate determination pursuant to Northern District of California Civil Local Rule 7-11(c).

Dated: June 26, 2019

>
> DENNIS J. HERRERA
> City Attorney
> JESSE C. SMITH
> RONALD P. FLYNN
> YVONNE R. MERÉ
> SARA J. EISENBERG
> JAIME M. HULING DELAYE
>
> Deputy City Attorneys
>
> By: /s/ Jaime M. Huling Delaye
> JAIME M. HULING DELAYE
> Deputy City Attorney
>
> Attorneys for Plaintiff
> CITY AND COUNTY OF SAN FRANCISCO

---

[1] Should the Court provide Defendants' with additional time in which to file their opposition to the Motion for Preliminary Injunction, San Francisco requests that it be allowed to file its reply brief during the week of July 8th in light of the July 4th holiday.