IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CITY AND COUNTY OF SAN FRANCISCO,<br><br>    Plaintiff,<br><br>  v.<br><br>ALEX M. AZAR II, Secretary of U.S. Department of Health and Human Services; ROGER SERVERINO, Director, Office for Civil Rights, Department of Health and Human Services; U.S. DEPARTMENT OF HEALTH AND HUMAN SERVICES; and DOES 1-25,<br><br>    Defendants. | No. C 19-02405 WHA<br>*Related to*<br>No. C 19-02769 WHA<br>No. C 19-02916 WHA<br><br><br>**ORDER RE STIPULATED REQUEST AND BRIEFING SCHEDULE** |

With respect to the stipulated request, the Court enters the following order:

1. Pursuant to 5 U.S.C. § 705, this order approves the stipulated request and hereby orders that the effective date of the rule titled Protecting Statutory Conscience Rights in Health Care; Delegations of Authority, 84 Fed. Reg. 23, 170 (May 21, 2019) is postponed to **NOON ON NOVEMBER 22, 2019.**

2. This order further approves the stipulated request to hold the preliminary injunction motions in abeyance. The preliminary injunction briefing schedule is **VACATED**.

3. The parties' requested summary judgment schedule is too generous to counsel and too stingy to the Court, meaning the judge is left with too

little time to hold a hearing and make a ruling by November 22. Accordingly, the following schedule will be used.

    a.    **JULY 22, 2019**: HHS lodges the administrative record.

    b.    **AUGUST 21, 2019 AT NOON**: Defendants file their motion for summary judgment.

    c.    **SEPTEMBER 12, 2019 AT NOON**: Plaintiffs file their opposition and cross-motion for summary judgment.

    d.    **SEPTEMBER 26, 2019 AT NOON**: Defendants file their reply and opposition.

    e.    **OCTOBER 10, 2019 AT NOON**: Plaintiffs file their reply.

    f.    **OCTOBER 30, 2019 AT 8:00 A.M.**: The Court holds a hearing on the cross-motions. The parties will hold available the entire day because the Court may have trial on that day, and this hearing may be postponed until later in the afternoon.

Defendants shall file a single opening brief limited to **40 PAGES** in 12 point font. The Court realizes that on motions for preliminary injunction, the Court allowed defendants to file a 55-page opposition brief. However, that excessive page limit was allowed only because defendants found themselves in a bind and needed to recycle essentially the same brief used in a different court.

Plaintiffs shall file a single opposition and cross-motion for summary judgment limited to **40 PAGES** in 12 point font.

Defendants' reply/opposition shall be limited to **20 PAGES** in 12 point font. Plaintiffs' reply shall be limited to **20 PAGES** in 12 point font. Replies shall not include declarations or evidentiary exhibits unless they are genuine rebuttals to points that could not have been foreseen in the immediately preceding brief.

Defendants' amicus briefs shall be filed at or before their motion for summary judgment is due. Plaintiffs' amicus briefs shall be filed at or before their opposition and cross-motion for

summary judgment is due. Each amicus brief is limited to **15 PAGES** in 12 point font. There shall be no attachments or declarations.

Any declarant in any declaration must make themselves promptly available for deposition. The foregoing schedule presumes that a proper administrative record will be filed and that there will be no substantive litigation concerning the scope of the administrative record.

**IT IS SO ORDERED.**

Dated: July 1, 2019.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3